UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LEIGH A. SMITH,

    Plaintiff,

vs.            09- cv-2024

COUNTY OF KANKAKEE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

    Before the court are the defendants' motion to dismiss [27] and the plaintiff's response [31]. The plaintiff Leigh A. Smith, has filed this *pro se* amended complaint pursuant to 42 U.S.C. § 1983 against defendants County of Kankakee, Timothy Bukowski and Michael Downey, alleging that they violated her constitutional rights by denying her adequate medical treatment for four days during her detention at the Jerome Combs Detention Center in Kankakee County. The defendants have moved the court for an order dismissing the plaintiff's claim with prejudice because the complaint fails to allege any personal conduct on the part of the defendants Bukowski and Downey that caused the plaintiff's injury. The defendants further argue that the plaintiff's complaint fails to allege an unconstitutional custom or policy of the defendant County of Kankakee that caused the plaintiff's injury.

### MOTION TO DISMISS STANDARD

    It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). See also *Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations as true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).

BACKGROUND

At all relevant times, the plaintiff was an inmate at the Jerome Combs Detention Center in Kankakee County, Illinois. (Pl.'s Compl. p. 7). The defendant Bukowski is the Sheriff of Kankakee County. *Id*. The defendant Michael Downey is the Chief of Corrections for Kankakee County. *Id*.

On November 23, 2007, the plaintiff alleges that she informed a correctional officer in her housing unit that she had a painful knot under her arm. *Id*. She asked for pain reliever and requested that she be allowed to seek medical care from the nurse. *Id*. The plaintiff did not receive a pain reliever and was told to submit a medical slip to be seen by the nurse. *Id*. The plaintiff then submitted a medical slip. *Id*. The following day, the plaintiff spoke to a correctional officer and told her that the knot was larger and painful. *Id*. She asked for pain reliever and to be seen by medical staff. *Id*. She did not receive a pain reliever and was not seen by medical staff. *Id*. On November 25, 2007, the plaintiff again told a correctional officer that she was in pain and needed to be seen by the medical department. *Id*. The plaintiff was not seen by the medical department that day. *Id*.

On November 26, 2007, the plaintiff again informed correctional officers that the knot was causing her pain and asked to be seen by medical personnel. *Id.* at p. 8. On November 27, 2007, the plaintiff was treated by medical personnel at the jail. *Id*. She was then admitted to the hospital and had surgery for MRSA the following day. *Id.*

DISCUSSION AND CONCLUSION

The defendants argue that the plaintiff Smith's complaint should be dismissed with prejudice because she failed to allege any personal involvement on the part of the defendants Bukowski and Downey that caused the plaintiff's alleged injury.

The plaintiff's claim for relief was brought pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). It is undisputed that the defendants acted under the color of state law while working within the Illinois Department of Corrections.

In order to state a cognizable Section 1983 claim, a plaintiff must allege that the defendant had some *personal involvement* in the deprivation of the plaintiff's constitutional right. *McDonald v. Illinois,* 557 F. 2d 596, 602 (7th Cir. 1977) (emphasis added). However, "...[a] defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of Section 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Crowder v. Lash*, 687 996, 105 (1982)). *See Kentucky v. Graham,* 473 U.S.

159 (1985).  Essentially, a plaintiff can state a cause of action under Section 1983 against a defendant that has a realistic opportunity to step in and prevent the violation of the plaintiff's right, but fails to do so.  *Miller*, 220 F.3d at 495.

In this case, the plaintiff has not shown, as a matter of law, that the defendants Bukowski and Downey had the requisite personal involvement for liability under §1983.  The plaintiff failed to demonstrate the personal involvement of the defendants in her complaint [1] as well as her response [31] to the defendants' motion to dismiss [27].  To establish personal involvement, it is required that there be *some* causal connection or affirmative link between the action complained about and the official sued.  *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis added).  The court finds that an affirmative link did not exist between the plaintiff's claim that she was denied medical care and the defendants in this case.

The plaintiff has also failed to allege an unconstitutional custom or policy of the defendant County of Kankakee that caused the plaintiff's alleged injury.  While municipalities may be held liable under Section 1983, they cannot be held liable under a theory of respondeat superior.  *See  Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Garrison v. Burke,* 165 F.3d 565, 571 (7th Cir. 1999)).  Municipalities are responsible for their policies only, not alleged misconduct by employees.  *See Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007).  In order to state a valid claim against the County of Kankakee, the plaintiff is required to allege that a custom or policy of the defendant County of Kankakee contributed to the alleged denial of medical treatment and her resulting injury.  *See Monell*, 436 U.S. at 694.

The court agrees with the defendants that the plaintiff's complaint must be dismissed against the County of Kankakee, Timothy Bukowski and Michael Downey because she failed to allege the personal involvement of the defendants, Bukowski and Downey and she also failed to allege an unconstitutional custom or policy of the defendant County of Kankakee.

It is therefore ordered:

1. Pursuant to *McDonald v. Illinois,* 557 F. 2d 596, 602 (7th Cir. 1977), *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003 and Fed. R. Civ. Pro. Rule 12(b)(6), the defendants' motion to dismiss [27] is granted.  The defendants, County of Kankakee, Timothy Bukowski and Michael Downey are terminated.  The clerk of the court is directed to terminate these defendants, forthwith.  Further, the clerk of the court is directed to enter judgment in favor of the these defendants and against the plaintiff at the close of this case.
2. If the plaintiff wishes to appeal termination of these defendants, she must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 26th   day of October 2009.

                                **s\Harold A. Baker**
                     _____
                                  Harold A. Baker
                           United States District Judge